WILLIAM WELDEN, Appellant, *v.* FRANKFORT GENERAL INSURANCE COMPANY, Respondent.

Third Department, November 18, 1918.

Negligence — insurance — action against insurance company to enforce alleged settlement for liability for negligent operation of automobile by insured — evidence — erroneous dismissal of complaint.

Where, in an action to enforce an alleged settlement between the plaintiff and the defendant, it appeared that the jury might have found from the evidence that the plaintiff suffered an injury by reason of the negligence of the operator of an automobile who had an accident policy with the defendant; that after the accident the defendant authorized its attorneys to make a settlement and they requested plaintiff not to see a lawyer or bring an action and it was understood between them and the plaintiff, in substance, that he was to be paid a certain sum per week, the gross amount to be fixed when the time of disability could better be determined; that plaintiff accepted said terms, but the operator of the automobile, whose negligence caused the injury, died before the amount to be paid by defendant was determined, and thereupon it refused to pay, it was error to dismiss the complaint at the close of the plaintiff's case.

H. T. KELLOGG and COCHRANE, JJ., dissented, with opinion.

APPEAL by the plaintiff, William Welden, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 8th day of June, 1918, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case, and also from the order entered on the same day dissmissing the complaint.

*Visscher, Whalen & Austin* [*J. Harris Loucks* of counsel], for the appellant.

*Ainsworth, Carlisle & Sullivan* [*John N. Carlisle* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

Upon the evidence a jury might have found that the plaintiff suffered an injury by reason of the negligence of one Burns in the operation of his automobile; that Burns had an accident policy with the defendant company by which it was liable to reimburse him for all sums collected from him on such account not to exceed $5,000; it was to defend all actions brought for

damages and to assume the defense thereof with full right of settlement. After the accident the defendant investigated the facts, and became satisfied that Burns was probably liable for the accident. It authorized Ainsworth, Carlisle & Sullivan to settle with the plaintiff for his damages, paying not to exceed $750. Pursuant to said authorization they requested the plaintiff not to see a lawyer, not to bring an action against any one, and that the defendant would settle with him for his damages, and that the time during which the plaintiff would be disabled from carrying on his ordinary work was uncertain, but that it was understood in substance that he was to be paid $50 per week for his actual disability. The gross amount was to be fixed when the time of disability could better be determined. The plaintiff accepted these terms, agreed not to see a lawyer, or to bring an action, and to settle upon the terms indicated. Burns, whose negligence caused the injury, died before the amount to be paid by the defendant was determined, and thereupon the defendant refused to pay, claiming that the death of Burns terminated the plaintiff's right to recover. The company's representatives had the right to make such settlement. The injuries, however, were not great, and the damages should be limited to the $750, the amount which the representatives were authorized to pay. Such findings would have warranted a recovery. It was error to take the case from the jury. It was incumbent upon the plaintiff to prove the authority of the persons claiming to represent the defendant, and unless the authority was conceded the letter authorizing them to act for the defendant could properly be received in evidence, so far as it showed the authority, and if confidential matters were stated outside of the authority to act, they could be omitted from the evidence.

The judgment should, therefore, be reversed.

All concurred, except H. T. KELLOGG, J., dissenting with an opinion in which COCHRANE, J., concurred.

H. T. KELLOGG, J. (dissenting):

The plaintiff was walking upon a footpath paralleling a highway, when an automobile, driven by one Frank Burns at an excessive rate of speed, left the roadway, crossed the ditch,

struck the plaintiff, knocked him down, ran over him and inflicted serious injuries upon him.   Thereafter a Mr. Smith of the firm of Ainsworth, Carlisle & Sullivan, representing himself to be the agent of this defendant which had insured Frank Burns against liability for damages done by him in the operation of the automobile, called upon the plaintiff, and according to the testimony of the plaintiff, had with him the following conversation:  " He said, ' Mr. Welden, how are you getting along? '   I said, ' I am getting along good and feel good; I have a broken leg and I can't get around very good.'   He said, ' Mr. Welden, what kind of work do you do? '   I said, ' Gardening and trucking and wholesale business, buying and selling.'   He says, ' What do you make a week? '   I said, ' I really don't know; my wages don't run alike.   I make $5 to $10 a day and from $15 to $20 a day, and as high as $25 and $30 some days.'   ' Well,' he says, ' Mr. Welden, how is $50 or $60 a week? '   I says, ' Mr. Smith, about $60 a week.'   Then I said to Mr. Smith, ' Why do you ask me them questions? '   He says, ' I will take this down to the office, to Mr. Sullivan, so when we come to a settlement this is all figured in together.'   ' Now,' he says, ' Mr. Welden, don't have any lawyers call.   You know how it is with the lawyers, it is fifty-fifty; don't fetch any action against anybody, because we will settle with you any time you are ready.'   Then I told Mr. Smith I would not get any lawyers or would not fetch any action against anybody.   Mr. Smith told me he would settle with me any time I was ready.   ' Now,' he says, ' Mr. Welden, if I were you I would wait a while and see how you come out, and when you think you are ready call up the office or come down, and Mr. Sullivan or I will come out and settle with you right away.' "   Assuming that Mr. Smith had authority to bind this defendant by any promise which he might make, it will, nevertheless, be noted that in this or any other conversation with the plaintiff Mr. Smith promised no more for his company than that " we will settle with you any time you are ready."   No terms of settlement were named, and no amount to be paid was agreed upon.   No inference can arise that the amount to be paid was the amount of damage suffered by the plaintiff, for the promise was merely to settle, and to settle is to make certain an uncertain obliga-

tion, not to pay an obligation the measure of which is already determined. At the very most, therefore, the agreement attempted to be made was an agreement that the parties would afterwards agree, which is no agreement at all. No further steps were ever subsequently taken to obtain a meeting of minds upon the terms of a settlement. Finally, as a result of another automobile accident, Frank Burns was killed, and the right of action of the plaintiff against him abated. The insurance company, defendant, declined to conclude a settlement, and this action was brought to enforce the alleged settlement set forth. Upon the trial, at the close of all the proof, the complaint was dismissed. In this respect the trial court was clearly right, for no promise had been proven to bind the defendant.

I favor an affirmance.

COCHRANE, J., concurred.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.

---

In the Matter of the Judicial Settlement of the Account of CLARENCE E. BLOODGOOD, as Executor, etc., of ANTHONY BLOOM, Deceased.

FRANCES L. MARTIN, Appellant; CLARENCE E. BLOODGOOD, as Executor and Trustee, and Others, Respondents

Third Department, November 13, 1918.

**Will giving beneficiary life interest in residuary estate — subsequent will by legatee of residue of said residuary estate devising same to beneficiary in first will — merger.**

Where a testator bequeathed a certain sum to his sister absolutely, and provided that if said amount should be insufficient to comfortably support and maintain her, that a sufficient amount be taken from his residuary estate, consisting of real and personal property, annually during her life; that said residuary estate be held in trust for that purpose, with remainder to his mother, her heirs and assigns forever, and the mother died after the death of the testator, leaving a will bequeathing her residuary estate to the said daughter, the two estates, under the provisions of section 15

of the Personal Property Law and section 103 of the Real Property Law, merged in the testator's sister, and since by the will of her mother she became vested with the residuary estate of her brother it should be turned over to her.

APPEAL by Frances L. Martin from a decree of the Surrogate's Court of the county of Greene, entered in the office of said Surrogate's Court on the 17th day of September, 1917, settling the accounts of the executor and trustee herein.